IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT JOHNSON,** | : |
| **Plaintiff** | : Civil No.: 1:13-CV-1683 |
| v. | : |
| **PREDATOR TRUCKING, LLC; and MICHAEL PAREJA,** | : |
| **Defendants** | : Judge Sylvia H. Rambo |

### **M E M O R A N D U M**

In this civil action invoking this court's diversity jurisdiction, Plaintiff has sued Defendants for injuries allegedly sustained as a result of an incident involving a tractor and trailer allegedly operated by Defendant Pareja and owned by Defendant Pareja's employer, Defendant Predator Trucking. Presently before the court is Plaintiff's motion for leave to file an amended complaint. (Doc. 26.) For the reasons stated herein, Plaintiff's motion will be granted.

### **I.      Background**

In this memorandum, the court sets forth only the factual and procedural background necessary to explain its ruling.

#### **A.      Plaintiff's Complaint and Defendants' Answer**

On June 20, 2013, Plaintiff filed a complaint against Defendant Pareja sounding in negligence (Count I), and against Defendant Predator Trucking sounding in negligence based on vicarious liability (Count II) and negligent hiring/retention/supervision (Count III). (Doc. 1.) On August 30, 2013, Defendants answered the complaint and asserted eleven "affirmative defenses" to liability. (Doc.

10.) The parties are currently engaged in fact discovery, which is set to conclude on June 16, 2014. (*See* Doc. 15.)

As asserted in the complaint, this case concerns an accident that occurred on January 3, 2012, at Beck Aluminum Alloy LTD's recycling center, located within the Middle District of Pennsylvania. Defendant Pareja, employed by Defendant Predator Trucking, was operating a vehicle, owned by Defendant Predator Trucking. The vehicle had been backed into the Beck Aluminum facility as the freight was being unloaded. Defendant Pareja allegedly caused the vehicle to move forward, which resulted in the rear tires of the trailer striking Plaintiff, who was operating a forklift near Defendant Pareja's vehicle. Plaintiff allegedly suffered serious injuries as a result of the incident. Defendants admit that Defendant Predator Trucking both employed Defendant Pareja and owned the vehicle Defendant Pareja was operating. (Doc. 10, ¶¶ 5, 6.)

### B. Plaintiff's Amended Complaint

On January 2, 2014, Plaintiff filed a motion for leave to file an amended complaint. (Doc. 26.) In his motion, Plaintiff avers that, based on the answers he had received from Defendants, he believes that: (1) more than one employer was responsible for hiring, training, and supervising Defendant Pareja; (2) Defendant Pareja was using his mobile phone while operating the tractor; (3) Defendant Pareja was operating the vehicle in violation of the Federal Motor Carrier Safety Regulations; and (4) more than one entity was responsible for entrusting its shipment to Defendant Predator Trucking. (*See* Doc. 26.) Relevant to the matter *sub judice*, Plaintiff's proposed amended complaint, submitted pursuant to Local Rule 15.1,

contained the following allegations related to his request to add Ricksant LLC ("Ricksant") as a defendant to the action:

> 5. Defendant, Ricksant, LLC, is a limited liability company, doing business as Klein Recycling (hereinafter referred to as Ricksant, LLC), organized under the laws of New Jersey with offices at 2156 Camplain Road, Hillsborough, New Jersey 08844.
>
> \* \* \*
>
> 7. It is believed that after a reasonable opportunity for further investigation or discovery, there will be evidentiary support to show that at all times relevant hereto, Defendant Ricksant, LLC was the co-supervisor, co-principal, or co-employer of Defendant, Michael Pareja.
>
> \* \* \*
>
> 9. It is believed that after a reasonable opportunity for further investigation or discovery, there will be evidentiary support to show that at all times relevant hereto Defendant, Michael Pareja was acting as the co-agent, ostensible co-agent, co-servant and/or co-employee of Defendant Ricksant, LLC, and was acting within the course and scope of said co-agency, ostensible co-agency or co-employment with said Defendant Ricksant, LLC.
>
> 10. It is believed that after a reasonable opportunity for further investigation or discovery, there will be evidentiary support to show that at all times relevant hereto, Defendant Predator Trucking, LLC, and its employees were acting as the agents, ostensible agents, servants and/or employees of Defendant, Ricksant, LLC and were acting in the course and scope of their agency, ostensible agency, or employment.

(Doc. 31, ¶¶ 5, 7, 9-10.)  Based on these averments, Plaintiff's proposed amended complaint contains two additional counts, asserting claims against Ricksant sounding in negligence based on vicarious liability (Count III) and negligent hiring/retention/supervision (Count V), and contains additional substantive allegations regarding Defendants' alleged conduct.

Defendants oppose Plaintiff's motion to amend.  (*See generally* Doc. 33.)  Specifically, Defendants argue that the court should disallow Plaintiff to file an amended complaint adding Ricksant as a defendant because the claims against Ricksant, as asserted in the proposed amended complaint, would be futile as unable to withstand a motion to dismiss.  Defendants further argue that Plaintiff's requests to add the allegations set forth in subparagraphs 37(u),(v), and (x) and 47(j),(k),(n),(p), and (q) of the proposed amended complaint would be futile as unable to withstand a motion to dismiss.  The issue has been fully briefed and is ripe for consideration.

**II.        Legal Standard for a Motion To Amend**

Rule 15 of the Federal Rules of Civil Procedure sets forth the rules governing amended pleadings and provides that, if more than 21 days has elapsed after a defendant has served a responsive pleading, a party may amend its pleading only with leave of court or with the opposing party's written consent.  Fed. R. Civ. P. 15.[1]  In the instant matter, Plaintiff must obtain leave of court because Defendants

---

[1] Federal Rule of Civil Procedure 15 contains the rules for amending and supplementing pleadings and provides, in pertinent part, as follows:

(a)    **Amendment Before Trial**

(continued...)

have not given such consent, and more than 21 days have elapsed since Defendants filed their responsive pleading.

Rule 15(a) embodies the liberal pleading philosophy of the Federal Rules of Civil Procedure. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006). However, "the policy favoring liberal amendments [of pleadings] is not unbounded." *Kearney v. JPC Equestrian, Inc.*, Civ. No. 11-cv-1419, 2012 WL 5247322, *4 (M.D. Pa. Oct. 23, 2012) (internal quotation marks omitted) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Although the decision whether to grant or deny a motion for leave to amend rests within the sound discretion of the district court, *Foman v. Davis*, 371 U.S. 178, 182 (1962), a district court should deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith[,] or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Diaz v. Palakovich*, 448 F. App'x 211, 215-16 (3d Cir. 2011) (citing *Lake v. Arnold*, 232

---

(...continued)
(1) *Amendment as a Matter of Course*. A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

F.3d 360, 373 (3d Cir. 2000)).² Defendants oppose Plaintiff's motion only on the basis of futility.

In this context, for a proposed amendment to be futile, "the complaint – as amended – must fail to state a claim upon which relief could be granted." *Id.* at 216. Futility of amendment may only serve as a basis for denial of leave to amend where "the proposed amendment 'is frivolous or advances a claim . . . that is legally insufficient on its face.'" *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citing 6 Wright, et al. Federal Practice and Procedure § 1487 (2d ed. 1990)). Amendment of the complaint is futile if the amended complaint "cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)) (holding that the district court did not abuse its discretion in denying motion to amend based on futility of amendment because proposed claim was barred by the statute of limitations). Thus, in determining whether a claim would be futile, "the district court applies [to the proposed amendments] the same standard of legal sufficiency as applie[d] under Federal Rule of Civil Procedure 12(b)(6)." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) ("Futility of an amendment is shown when the claim . . . is not accompanied by a showing of plausibility sufficient to present a triable issue.").

---

² Leave to amend may also be denied for "repeated failures to correct deficiencies with previous amendments." *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995). Because Plaintiff has not amended his complaint previously, this ground for denying leave to amend is inapplicable to this case.

Rule 12(b)(6) of the Federal Rules of Civil Procedure, in turn, provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering whether a complaint fails to state a claim upon which relief can be granted, the court "must accept all of the complaint's well-pleaded facts as true," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court need not credit a complaint's bald assertions and may "disregard any legal conclusions" when deciding a motion to dismiss. *Fowler*, 578 F.3d at 210-11.

Through this lens, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**III.     Discussion**

Each of Defendants' arguments are based on futility. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be

granted, and in assessing "futility," the court must take all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Lincoln Gen. Ins. Co. v. Kingsway Am. Agency, Inc.*, Civ. No. 11-cv-1195, 2013 WL 214634, *4 (M.D. Pa. Jan. 18, 2013). Claims in a complaint will be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Pegasus Int'l, Inc. v. Crescent Mfg. Co.*, Civ. No. 06-cv-2943, 2007 WL 1030457, *6 (E.D. Pa. Apr. 2, 2007) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### A. Request To Add Ricksant as a Defendant

Defendants first oppose amending the complaint to include Ricksant on the basis of futility, arguing that "the proposed Amended Complaint it [sic] utterly devoid of any facts to support any claims against Ricksant." (Doc. 33, p. 6 of 16.) Defendants cite to the portions of the proposed amended complaint containing the language: "[i]t is believed that after a reasonable opportunity for further investigation or discovery, there will be evidentiary support to show that at all times relevant hereto." In essence, Defendants' argument challenges Plaintiff's pleading of an employment relationship between Ricksant and Defendant Pareja, arguing that the proposed amended complaint is insufficient due to its failure to show that Ricksant is vicariously liable for Defendant Pareja's actions or negligent in hiring, supervising, training, or entrusting Defendant Pareja. The court disagrees.

Plaintiff's proposed amended complaint asserts a cause of action against Ricksant sounding in negligence on both the bases of vicarious and direct liability. In Pennsylvania, an employer is held vicariously liable for the negligent acts of an employee that cause injuries to third parties, provided that such acts were committed

during the course and within the scope of employment. *Adams v. U.S. Airways Grp.*, Civ. No. 12-cv-5603, 2013 WL 5676356, *10 (E.D. Pa. Oct. 18, 2013) (quoting *Costa v. Roxborough Mem'l Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998)). Typically, the determination of whether an employee acted within the scope of his employment is a question for the jury; however, a court need not reach the course and scope of employment inquiry where a plaintiff has not first demonstrated an underlying tort committed by an employee. Regarding negligent hiring, training, or supervision, an employer is directly liable under Pennsylvania law of its own negligent failure to protect a plaintiff from an employee that it knows, or has reason to know, is likely to cause injury. *See Adams*, 2013 WL 5676356 at *9 (citing Restatement (Second) of Torts § 317 (1965)). Under either theory, Plaintiff must establish the existence of an employment relationship.

Here, Plaintiff avers that, based on discovery already conducted, he has reason to believe an employment relationship between Ricksant and Defendant Pareja existed, and, therefore, the former may be liable for the actions of the latter based on both direct and vicarious liability. Although Defendants take exception with what Plaintiff believes additional discovery will reveal, *i.e.*, that it will produce evidence confirming his allegations, Plaintiff's honest uncertainty[3] is insufficient to warrant foreclosing the possibility for Plaintiff to establish liability through the fact-finding mechanism contemplated by the Federal Rules of Civil Procedure. Indeed, a

---

[3] The court hypothesizes that, had Plaintiff simply alleged that "[A]t all times relevant hereto, Defendant Ricksant, LLC was the co-supervisor, co-principal, or co-employer of Defendant, Michael Pareja" rather than qualifying his belief with the language: "It is believed that after a reasonable opportunity for further investigation or discovery, there will be evidentiary support to show that," whether Ricksant had an employment relationship with Defendant Pareja would likely have been first tested during summary judgment.

claim against Ricksant is not futile simply because Plaintiff may not yet have in his possession conclusive evidentiary support to show that an employment relationship existed. Plaintiff presumably has a legitimate basis for believing that Ricksant is liable for Defendant Pareja's actions because, otherwise, both Plaintiff and his counsel are venturing down a dangerous path.[4] Whether evidentiary support exists for Ricksant's alleged liability is the proper subject of discovery, and if discovery undisputedly reveals that no such relationship existed, Ricksant's lack of liability would become the proper subject of a motion for summary judgment, which the court is confident would come across its bench uncontested.

In this case, Plaintiff alleges that Ricksant had an employer-employee relationship with Defendant Pareja, that Defendant Pareja was negligent during the course of his employment, that Defendant Pareja's negligence was the cause of harm suffered by Plaintiff, and that Ricksant was negligent in its failure to exercise reasonable care in hiring, training, or supervising Defendant Pareja. Viewing these allegations in the light most favorable to Plaintiff, the court concludes that Plaintiff's proposed amended complaint states claims upon which relief may be granted against Ricksant. Thus, the amendment to add Ricksant as a defendant is not futile for lack of substantive allegations.

### B. Request To Add Allegations Against Defendants Pareja and Predator Trucking

Defendants also argue that the inclusion of certain allegations against Defendant Pareja set forth in subparagraphs 37(u), (v), and (x) and against Defendant Predator Trucking set forth in subparagraphs 47(j), (k), (n), (p), and (q) of the

---

[4] Defendants do not argue, nor does the court have reason to believe, that Plaintiff has an improper or malicious motive for seeking to add Ricksant as a defendant.

proposed amendment complaint would be futile. In support of their opposition, Defendants characterize the contents of these paragraphs as "non-specific legal conclusions" that cannot survive a motion to dismiss. The court is not convinced that these proposed amendments are futile.

The basis of Defendants' challenge remains less than clear. After a review of the contested paragraphs, the court cannot conclude that the proposed amendments are futile. Indeed, these paragraphs put Defendants on adequate notice of Plaintiff's allegations that Defendant Pareja violated policies, rules, guidelines, procedures, and regulations of Defendant Predator Trucking or Ricksant and failed to adhere to certain Federal Motor Carrier Safety Regulations. (Doc. 31, ¶¶ 37 (u), (v), (x).) Furthermore, the paragraphs put Defendants on adequate notice of Plaintiff's allegations that Defendant Predator Trucking negligently hired, trained, and supervised Defendant Pareja. Each averment is related to the controversy at the heart of this action. The court cannot conclude that amendment of the complaint to include these paragraphs would be futile.

## IV.     Conclusion

Based on the foregoing reasons and upon consideration of the liberal pleading philosophy of the Federal Rules of Civil Procedure, the court finds that the proposed amendments would not be futile. The court further finds no basis to either conclude that the delay in filing for leave to amend was undue or motivated by bad faith or that granting leave to amend would prejudice Defendants. To the extent Defendants challenge the employment relationship of Defendant Pareja to Ricksant, the court concludes that the more efficient route is to allow Plaintiff to amend his

complaint at the present time, and should it become clear that such an employment relationship does not exist, that issue may be presented by motion for summary judgment after completion of relevant discovery.  Thus, the court concludes that granting leave to amend is in the interest of justice under Rule 15(a).

        An appropriate order will issue.

                            s/Sylvia H. Rambo
                            United States District Judge

Dated:  February 14, 2014.